IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. CR-F-06-200 OWW |
| | ) | |
| | ) | ORDER DEEMING PETITIONER'S |
| | ) | JUNE 8, 2009 FILING TO BE |
| Plaintiff/ | ) | MOTION TO WITHDRAW GUILTY |
| Respondent, | ) | PLEA, DENYING DEEMED MOTION, |
| | ) | AND DIRECTING PETITIONER TO |
| vs. | ) | ADVISE COURT WHETHER |
| | ) | PETITIONER CONSENTS TO |
| | ) | RECHARACTERIZATION OF HIS |
| JORGE CARRILLO | ) | MOTION AS MOTION TO VACATE, |
| | ) | SET ASIDE OR CORRECT |
| | ) | SENTENCE PURSUANT TO 28 |
| Defendant/ | ) | U.S.C. § 2255 AND, IF SO, TO |
| Petitioner. | ) | FILE A SECTION 2255 MOTION |
| | ) | |

On June 8, 2009, Petitioner Jorge Carrillo, proceeding *in pro per,* filed a pleading in which Petitioner asserts:

> Re: Appeal (Contract No. 1:06CR00200-004)/Debenture
>
> This instrument so titled is submitted as my expressed will to withdraw 'plea,' and effect an appeal, on matter stated. Additionally, instrument registers debt due/owed against, then contractor, Roger Litman, for defective work products on Number 1:06CR00200-004, $72,000,000.00¢ (seventy-two million

1

dollars).

The Court deems Petitioner's pleading to be a motion to withdraw guilty plea.

Petitioner, represented by Roger Litman, was charged in Count One with instigating, attempting to instigate, and assisting in a riot at Atwater Federal Penitentiary. Petitioner was charged in *United States v. Raul Lara, et al.*, No. CR-F-06-228 AWI, with assault with a deadly weapon and with assault resulting in serious bodily injury. Petitioner pleaded guilty pursuant to a written Plea Agreement to Count One of the Indictment. The Plea Agreement provided:

> Defendant Carrillo hereby acknowledges the benefits he has received pursuant to the plea disposition set forth in this memorandum and his guilt of the offenses to which he is pleading guilty. Defendant Carrillo hereby waives all rights to contest the means by which his plea of guilty will be entered before the District Court. This waiver includes, but is not limited to, any claim, whether in the District Court or in appellate proceedings and on direct appeal or subsequently, that the dictates of Federal Rule of Criminal Procedure 11, or any successor rules, legislation or case authority, were not followed in the entry of defendant Carrillo's guilty plea. Defendant Carrillo also hereby waives any right to appeal his sentence, provided that the sentencing court accptes the stipulations between the parties and follows the recommendation of the government as set forth below.

The United States agreed to recommend a three-level reduction in Petitioner's offense level for early acceptance of responsibility; to recommend a two-level reduction in the offense

level due to Petitioner's early resolution of the case without litigating any motions; to recommend a sentence at the bottom of the applicable guideline range; and to move to dismiss the Indictment in No. CR-F-06-228 AWI, at the time of sentencing.

Petitioner was sentenced on April 30, 2007 to 46 months imprisonment consecutive to any other term of imprisonment and a 36 month term of supervised release. Petitioner did not file a Notice of Appeal.

Petitioner's conviction is final, *see* Rule 4(b)(1), Federal Rules of Appellate Procedure; *United States v. Quintero-Araujo*, 343 F.Supp.2d 935, 937 (D.Idaho 2004). Because Petitioner's conviction is final, "the district court cannot permit withdrawal and the plea can be set aside only on direct appeal or in collateral proceedings." *United States v. Ortega-Ascanio*, 376 F.3d 879, 885 (9th Cir.2004).

As a general rule, challenges to the legality of a federal conviction and sentence must be brought pursuant to 28 U.S.C. § 2255 while challenges to the manner of execution of the sentence must be brought pursuant to 28 U.S.C. § 2241. *United States v. Giddings*, 740 F.2d 770, 772 (9th Cir. 1984). Here, arguably, Petitioner challenges the legality of his conviction and sentence.

In *United States v. Seesing*, 234 F.3d 456, 464 (9th Cir. 2000), the Ninth Circuit holds:

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so

>recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents, or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion.  Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

Therefore, before recharacterizing the instant motion as a motion for relief pursuant to Section 2255, the court advises Petitioner that such a motion Section 2255 has a one-year limitation period.  This limitation period runs from the latest of:

>(1) the date on which the judgment of conviction becomes final;
>
>(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
>(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
>(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Because Petitioner's conviction and sentence became final on May 9, 2007, Petitioner must demonstrate that the one-year limitation

period on the claims for relief asserted in the instant motion commenced to run after May 9, 2007 and within the meaning of the accrual dates set forth above.  Alternatively, Petitioner must demonstrate by specific facts that he is entitled to equitable tolling of the one-year limitation period.  In *Calderon v. U.S. Dist. Court for Central Dist. of Cal.*, 128 F.3d 1283 (9th Cir. 1997), *cert. denied*, 522 U.S. 1099 and 523 U.S. 1061 (1998), *overruled on other grounds*, 163 F.3d 503 (9th Cir. 1998), the Ninth Circuit held that the one-year limitations period applicable to Section 2255 motions is subject to equitable tolling.  However, the Ninth Circuit further held:

> Equitable tolling will not be available in most cases, as extensions of time will only be granted if 'extraordinary circumstances' beyond a petitioner's control make it impossible to file a petition on time ... We have no doubt that district judges will take seriously Congress's desire to accelerate the federal habeas process, and will only authorize extensions when this high hurdle is surmounted.

*Id*. at 1288-1289.  In addition, petitioner is advised that the failure to assert all claims for relief in a recharacterized Section 2255 motion can result in the later preclusion such claims in a "second or successive" Section 2255 motion.

　　Petitioner is ordered to file a pleading with the Court within 30 days of the filing date of this Order advising whether or not he consents to the recharacterization of his pleading as a motion to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 or whether he elects to withdraw his pleading.  If

5

Petitioner elects to consent to the characterization of his motion as a motion for relief pursuant to Section 2255, Petitioner must file within 30 days of the filing date of this Order an amended motion setting forth the grounds for relief under Section 2255, the specific facts upon which Petitioner relies in asserting that the motion is timely filed within the one-year limitation period applicable to Section 2255 motions or the facts upon which he relies in asserting that he is entitled to equitable tolling of the one-year limitations period. If Petitioner fails to timely comply with this Order, the Court will deem that Petitioner does not consent to the recharacterization of the June 8, 2009 motion as a Section 2255 motion.[1]

IT IS SO ORDERED.

Dated:   June 15, 2009                         /s/ Oliver W. Wanger
                                          UNITED STATES DISTRICT JUDGE

---

[1] To the extent Petitioner's June 8, 2009 filing "registers debt due/owed against, then contractor, Roger Litman, for defective works products" in this criminal action, Petitioner is advised that such a proceeding in improper and is disregarded by the Court for all purposes. Any claim for money damages Petitioner may have against Mr. Litman must be filed in a separate civil action in a court having subject matter jurisdiction over the claim and/or the parties.